RECORD NO. 12-4721

_In The_

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

_Plaintiff – Appellee_,

**v.**

## DEDRIC LOUIS JOHNSON, a/k/a Big Boy,

_Defendant – Appellant_.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA AT GREENVILLE

———————

## BRIEF OF APPELLANT

———————

**Margaret A. Chamberlain**
**CHAMBERLAIN LAW FIRM**
**Post Office Box 10184**
**Greenville, South Carolina  29603**
**(864) 250-0505**

_Counsel for Appellant_

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ............................................................ 1

ISSUE PRESENTED FOR REVIEW ........................................................... 2

STATEMENT OF THE CASE ..................................................................... 3

STATEMENT OF THE FACTS ................................................................... 6

SUMMARY OF ARGUMENT ..................................................................... 7

ARGUMENT .............................................................................................. 8

      THE DISTRICT COURT COMMITTED ERROR IN
      DENYING JOHNSON'S MOTION TO DISMISS THE
      INDICTMENT ..................................................................................... 8

          A.    Standard of Review ................................................................. 8

          B.    Argument ................................................................................ 8

CONCLUSION ......................................................................................... 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
    386 U.S. 738 (1967) ....................................................................... 5, 10

*Hamling v. United States*,
    418 U.S. 87 (1974) .......................................................................... 8-9

*United States v. Brandon*,
    298 F.3d 307 (4th Cir. 2002) ............................................................. 8

*United States v. Sampson*,
    371 U.S. 75 (1962) ............................................................................. 8

## STATUTES

18 U.S.C. § 3231 ................................................................................... 1

21 U.S.C. § 841 ............................................................................... 3, 8

21 U.S.C. § 841(a)(1) ........................................................................... 9

21 U.S.C. § 841(b)(1)(A) ...................................................................... 9

21 U.S.C. § 841(b)(1)(D) ...................................................................... 9

21 U.S.C. § 851 ................................................................................... 3

21 U.S.C. § 846 ................................................................................... 9

28 U.S.C. § 1291 ................................................................................. 1

## **RULE**

Fed. R. Crim. P. 7(c)(1) ................................................................. 8

## **OTHER AUTHORITY**

United States Sentencing Commission,
*Guidelines Manual* (Nov. 2008). .................................................. 4

## <u>STATEMENT OF SUBJECT MATTER<br>AND APPELLATE JURISDICTION</u>

This appeal arises from the criminal prosecution of Dedric Louis Johnson.  The United States District Court for the District of South Carolina had jurisdiction in the matter of *United States v. Dedric Louis Johnson*, CR: 6:10-257, pursuant to 18 U.S.C. § 3231.

This Court has jurisdiction to review the district court's final judgment and imposition of sentence in this matter pursuant to 28 U.S.C. § 1291. Mr. Johnson filed a timely notice of appeal on September 11, 2012.

## **ISSUE PRESENTED FOR REVIEW**

DID THE DISTRICT COURT COMMIT ERROR BY DENYING

MR. JOHNSON'S MOTION TO DISMISS THE INDICTMENT?

## STATEMENT OF THE CASE

A Superseding Indictment was filed on July 13, 2010, which charged Dedric Louis Johnson in Count 1 with conspiracy to possess with intent to distribute 50 grams or more crack cocaine and a quantity of marijuana. (Superseding Indictment, p. 1). Counts 8-29 charged him with possession with intent to distribute a quantity of cocaine base and a quantity of marijuana. (Superseding Indictment, pp. 5-16). On July 8, 2010, Assistant U.S. Attorney Andrew Moorman filed an information with the district court, pursuant to 21 U.S.C. § 851, which notified Mr. Johnson that he was subject to the enhanced penalties provided by 21 U.S.C. § 841 based upon his prior felony convictions for unlawful drugs, possession with intent to distribute marijuana and possession with intent to distribute cocaine. (PSR ¶ 31, p. 7). On September 22, 2010, Mr. Johnson went to trial. Prior to the commencement of the trial, Mr. Johnson made an oral motion to dismiss the indictment. (Mot. Hr.g t'script, p. 19). The district court denied the motion. (Mot. Hr.g t'script, p. 20). The trial was subsequently declared a mistrial. (DE 87 at 11). A new trial was held on March 14, 2011, and at the conclusion of the case, Mr. Johnson was found guilty of all twenty-two counts of the Superseding Indictment that pertained to him. (DE 146 at 13).

On July 29, 2011, Mr. Johnson was sentenced to Life as to Count 1, thirty years as to Counts 8 through 20 and 22 through 29, as well as ten years as to Count 21.  (DE 143 at 13).  The sentences were to be served concurrently.  *Id*.  Defendant appealed to this Court, and on October 20, 2011, this Court vacated and remanded for a new sentencing under the Fair Sentencing Act of 2010.  (DE 180 at 15).

On December 7, 2011, a revised presentence report was prepared by the United States Probation Office based upon the United States Sentencing Commission, *Guidelines Manual* (Nov. 2010).  (PSR ¶ 65, p. 16).  Mr. Johnson was deemed responsible for 69.62 grams of crack cocaine, which established his sentencing guideline's offense level at 26.  (PSR ¶ 45, p. 12). In accordance with the new penalties under the Fair Sentencing Act, Mr. Johnson was subject to a minimum sentence of ten years up to Life for Count 1 and a maximum of thirty years for Counts 8 through 29.  (PSR ¶ 31, p. 8).  In consideration of the minimum required by statute, Mr. Johnson's criminal history category of III, and the base offense level of 26, the guideline range for imprisonment was 120 months.  (PSR ¶ 88, p. 19).  Mr. Johnson had no objections to the Presentence Investigation Report that affected his guideline range.  (Sent. t'script, p. 3).  On September 5, 2012, Mr. Johnson was re-sentenced to 120 months imprisonment to be followed

by 8 years supervised release.  (Sent. t'script, pp. 10-12).  Mr. Johnson filed a timely notice of appeal on September 11, 2012.

Counsel has reviewed the record of this case, researched the issues raised by Mr. Johnson and found them to have no merit.  Therefore, this brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF THE FACTS

On July 23, 2010, Mr. Johnson was indicted in a Superseding Indictment. The Superseding Indictment charges that beginning in or around April 3, 2009, and continuing up to and including July 2010, Mr. Johnson was involved in a conspiracy to possess with intent to distribute 50 grams or more of cocaine base and distributing a quantity of cocaine base, as well as a quantity of marijuana. (Superseding Indictment, pp. 1-16). On September 22, 2010, Mr. Johnson went to trial. (DE 84 at 11).

Prior to the commencement of the trial, Mr. Johnson made an oral motion to dismiss the indictment. (Mot. Hr.g t'script, p. 19). Mr. Johnson asserted that the indictment was improper and defective because the statute cited in the Superseding Indictment referenced heroin and not crack cocaine. *Id*. In considering the Motion to Dismiss, the district court found that although heroin is referenced in the penalty section of the statute cited in the Superseding Indictment, heroin is but one of the controlled substances listed and that cocaine base was also included. (Mot. Hr.g t'script, p. 20). The district court denied the motion. *Id*. Mr. Johnson was subsequently found guilty of all twenty-two counts of the Superseding Indictment that pertained to him. (DE 146 at 13). It is the district court's ruling on the Motion to Dismiss that Mr. Johnson appeals.

## SUMMARY OF ARGUMENT

Mr. Johnson asserts that the district court erred in denying his motion to dismiss the indictment. Mr. Johnson contends his motion should have been granted because the statute he was accused of violating applies to heroin, not crack cocaine and marijuana. The Superseding Indictment, however, sufficiently apprises Mr. Johnson that he was being charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and distributing a quantity of cocaine base and a quantity of marijuana. (Superseding Indictment, pp. 1-16). The statute is not limited to heroin. A thorough review of the record reveals that the district court's denial of Mr. Johnson's motion was neither illegal nor an incorrect application of the law. Therefore, the district court did not commit error in denying Mr. Johnson's Motion to Dismiss.

# ARGUMENT

## THE DISTRICT COURT COMMITTED ERROR IN DENYING JOHNSON'S MOTION TO DISMISS THE INDICTMENT

### A.

### Standard of Review

The District Court's denial of a motion to dismiss an indictment is reviewable *de novo*.  *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002).

### B.

### Argument

Mr. Johnson argues that the district court erred in denying his Motion to Dismiss because it is Mr. Johnson's contention that the statute (21 U.S.C. § 841) that he was accused of violating applies only to heroin and not crack cocaine.  A motion to dismiss the indictment tests whether the indictment sufficiently charges the offense it sets forth against the defendant.  *United States v. Sampson*, 371 U.S. 75, 78-79 (1962).  Pursuant to Federal Rules of Criminal Procedure an indictment need only contain "a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ."  Fed. R. Crim. P. 7(c)(1).  An indictment is sufficient if it contains the elements of the offense and "fairly informs a defendant of the charge against which he must defend . . . ."  *Hamling v. United States*, 418

U.S. 87, 117 (1974). Mr. Johnson contends that the Superseding Indictment did not fairly inform him of the charges against him.

Mr. Johnson's Superseding Indictment fairly and sufficiently informed Mr. Johnson that he was being charged under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), and 21 U.S.C. § 846 with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and distribution of a quantity of cocaine base and a quantity of marijuana, not heroin. (Superseding Indictment, pp. 1-16). Accordingly, counsel is of the opinion that the district court did not err in denying Mr. Johnson's Motion to Dismiss.

## <u>CONCLUSION</u>

In accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967), appointed counsel has reviewed the facts and legal issues of this case. It is counsel's opinion that there were no legal issues that were not properly raised or disposed of by the district court, and there are no grounds for an appeal in this case to the Court of Appeals. A copy of this brief has been served on Appellant Johnson.

Respectfully submitted,

<u>/s/ Margaret A. Chamberlain</u>
MARGARET A. CHAMBERLAIN
Chamberlain Law Firm
Post Office Box 10184
Greenville, South Carolina 29603
(864) 250-0505
ATTORNEY FOR APPELLANT

Greenville, South Carolina

January 2, 2013

- 10 -

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   This brief complies with the type-volume limitation of Fed. R. App. P.
     28.1(e)(2) or 32(a)(7)(B) because:

     [ X ] this brief contains [*1,359*] words, excluding the parts of the brief
     exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

     [    ] this brief uses a monospaced typeface and contains [*state the
     number of*] lines of text, excluding the parts of the brief exempted by
     Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P.
     32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)
     because:

     [ X ] this brief has been prepared in a proportionally spaced typeface
     using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

     [    ] this brief has been prepared in a monospaced typeface using
     [*state name and version of word processing program*] with [*state
     number of characters per inch and name of type style*].

Dated: January 2, 2013          /s/ Margaret A. Chamberlain
                                *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 2nd day of January, 2013, I caused this

Brief of Appellant to be filed electronically with the Clerk of the Court using

the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

>Alan L. Crick
>OFFICE OF THE U.S. ATTORNEY
>One Liberty Square
>55 Beattie Place, Suite 700
>Greenville, South Carolina  29601
>(864) 282-2105
>
>*Counsel for Appellee*

I further certify that on this 2nd day of January, 2013, I caused the

required copies of the Brief of Appellant to be hand filed with the Clerk of

the Court.

I also certify that on the same day, one bound copy of the same was

served, via U.S. Mail, postage prepaid, to:

>Dedric Louis Johnson No. 20774-171
>FCI Edgefield
>Federal Correction Institution
>Post Office Box 725
>Edgefield, South Carolina  29824
>
>*Appellant*

>/s/ Margaret A. Chamberlain
>*Counsel for Appellant*